**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: J.J.**

**No. 13-0094** (Clay County 12-JA-87)

**MEMORANDUM DECISION**

Petitioner Mother filed this appeal, by counsel Wayne King, from the Circuit Court of Clay County, which terminated her parental rights by order entered on December 26, 2012. The guardian ad litem for the child, Barbara Harmon-Schamberger, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Walters, also filed a response in support of the circuit court's order. Petitioner Mother argues that the circuit court erred in terminating her parental rights and in denying her a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following J.J.'s birth in June of 2012, the DHHR filed the petition to initiate the instant case. The petition alleged that J.J. was born with mild tremors and an elevated respiration rate, among other conditions, due to petitioner taking Subutex while pregnant. The petition further alleged that petitioner tested positive for ethanol on multiple occasions during her pregnancy with J.J. and that petitioner's parental rights to six other children were previously terminated.

Throughout the course of the proceedings in the prior abuse and neglect action, the circuit court ordered services for petitioner's issues with substance abuse; however, petitioner failed to substantially comply. As a result, the circuit court ultimately terminated petitioner's parental rights to her six older children and did not grant post-termination visitation with those children. On appeal concerning these six children, we affirmed the circuit court's order terminating parental rights by Memorandum Decision in Case No. 12-1042.

At the disposition on the instant case for child J.J., the circuit court took judicial notice of all prior proceedings and also found that petitioner failed to make corrections to the abuse and neglect conditions. From the order terminating petitioner's parental rights to J.J., petitioner brings this appeal.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner raises two assignments of error: First, petitioner argues that the circuit court erred in terminating her parental rights because she corrected the abuse and neglect conditions that were present when the DHHR filed its petition. Second, petitioner argues that the circuit court erroneously denied her motion for a post-adjudicatory improvement period. In support of her arguments, petitioner asserts that J.J. was born without a drug addiction and that her and J.J.'s nurse testified that J.J. did not require special medical attention. Petitioner further asserts that she was prescribed Subutex as a justification for testing positive for that drug.

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights to J.J. or in its decision to deny petitioner's motion for a post-adjudicatory improvement period. We find that the circuit court was within its discretion when it found that petitioner would not likely follow the terms and conditions of an improvement period and, accordingly, we find that it properly denied her motion. Under West Virginia Code § 49-6-12, a parent who moves for an improvement period has the burden of proving by clear and convincing evidence that he or she would comply with its terms. Thereafter, the circuit court has the discretion to grant or deny such a motion. Further, we find that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. We also bear in mind that, pursuant to West Virginia Code § 49-6-5(a)(7)(C), the DHHR is not required to make reasonable efforts to preserve the family if the respondent parent or parents have had parental rights terminated to previous children.

Our review of the record provides that petitioner admitted that she tested positive for ethanol several times during her pregnancy with J.J. However, she denied that it was from drinking alcohol, but, rather, from hand sanitizer or from applying rubbing alcohol on her bug bites. Petitioner also testified that she has not attended any Narcotics Anonymous meetings since a month before J.J.'s birth and that, although she admits to testing positive for morphine, she is unsure as to what caused that test result. Testimony from a DHHR caseworker indicated that

petitioner failed to keep in contact with the DHHR on her case. This evidence supports the circuit court's decisions to terminate parental rights and deny petitioner an improvement period.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II